UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL T. JONES,**

      **Petitioner,**

v.                                         **CASE NO. 6:14-cv-1732-Orl-37TBS**

**SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,**

      **Respondents.**
_____/

### ORDER

THIS CAUSE is before the Court on Petitioner's petition for writ of habeas corpus ("Petition") filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed a Response to the Petition in compliance with this Court's instructions. (Doc. 5). Petitioner filed a Reply to the Response. (Doc. 6).

Petitioner asserts two grounds for relief in his petition. For the following reasons, the Petition is denied.

### I.     PROCEDURAL History

Petitioner was charged by information with burglary of a dwelling (count one) and grand theft (count two). (Doc. 8 at 8). A jury found Petitioner guilty as charged. (Doc. 8-1 at 111-12). The trial court sentenced Petitioner to a fifteen year and one day term of imprisonment for count one and to a five-year term of imprisonment for count two with the sentences to run concurrently. (Doc. 8-1 at 148). Petitioner appealed. The Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (Doc. 8-2 at 17).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida

Rules of Criminal Procedure. (*Id.* at 21). The state court denied the motion. (*Id*. at 39-42, 53-55). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id*. at 80).

## II.   LEGAL STANDARDS

### A.   Standard Of Review Under The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief

is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B. **Standard For Ineffective Assistance Of Counsel**

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

> at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   ANALYSIS

In ground one, Petitioner asserts counsel rendered ineffective assistance by failing to request an instruction on the category two permissive lesser-included offense of criminal trespass for the burglary charge. Similarly, in ground two, Petitioner maintains counsel rendered ineffective assistance by failing to advise him about the lesser-included offense of criminal trespass, which resulted in the failure to request a jury instruction on the permissive lesser-included offense.

Petitioner raised these grounds in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 8-2 at 39, 41). The state court reasoned that the jury found Petitioner guilty of burglary of a dwelling and speculation that it would have convicted him of a lesser offense did not establish prejudice. (*Id.* at 41).

In considering a claim of ineffective assistance of counsel premised on failure to request a lesser-included offense instruction, the Eleventh Circuit Court of Appeals held that the petitioner's:

> assertions that he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation - speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense. That speculation is insufficient to undermine our confidence in the outcome of his trial.

*Harris v. Crosby*, 151 F. App'x 736, 738 (11th Cir. 2005); *see also Bell v. McNeil*, 353 F. App'x

281, 286 (11th Cir. 2009) (concluding the petitioner failed to demonstrate prejudice based on counsel's failure to request an instruction on the lesser-included offense because the petitioner had "not shown that the jury probably would have convicted him" of the lesser offense had counsel requested the instruction). The Eleventh Circuit has further concluded that, if the evidence was sufficient to convict the petitioner of the greater offense, then the petitioner cannot show prejudice from counsel's failure to request a lesser-included offense instruction. *Magnotti v. Sec'y, Dep't of Corr.*, 222 F. App'x 934, 940 (11th Cir. 2011).

The state court's denial of these grounds is neither contrary to, nor an unreasonable application of, *Strickland*. Ample evidence was presented at trial establishing that Petitioner broke into the victim's home and took jewelry, a laptop computer, a DVD player, and other items. (Doc. 8 at 61-62). Thus, a reasonable probability does not exist that the jury would have convicted Petitioner of criminal trespass had an instruction been given on the permissive lesser-included offense. Accordingly, grounds one and two are denied pursuant to section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) filed by Michael T. Jones is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, on December 16th, 2015.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1
Counsel of Record
Michael T. Jones